UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
BLOCKCHANGE VENTURES I GP, LLC., : **ORDER**
: **GRANTING**
*Plaintiff*, : **MOTION TO**
: **DISMISS**
-against- :
: 20 Civ. 6866 (AKH)
:
:
BLOCKCHANGE, INC., :
:
*Defendant*. :
------------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant Blockchange Inc. brings this motion to dismiss for: (i) insufficient process under Fed. R. Civ. P. 12(b)(4), (ii) failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), (iii) lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and (iv) improper venue under Fed. R. Civ. P. 12(b)(3). ECF No. 9. Plaintiff Blockchange Ventures I GP, LLC, alleges seven causes of action against Defendant, including trademark infringement and dilution, unfair competition, and deceptive acts, in violation of the Lanham Act, common law, and New York GBL §§ 349, 350, and 360-L. In its motion to dismiss, Defendant first argues that service of process was improper under Fed. R. Civ. P. 4(a)(1)(F) and (G), because the summons delivered to Defendant was neither signed nor sealed. *See* Mem. Mot. Dismiss 3, ECF No. 13. Defendant next argues that I lack personal jurisdiction under New York's long-arm statute because it does not transact any business in New York. *Id.* at 12. Defendant also argues that venue is improper because it does not do any business in New York and none of the events giving rise to the Plaintiff's claims occur in New York. *Id.* at 13. Finally, Defendant argues that the complaint fails to state a claim under which relief can be granted. *Id.* at 3. For the reasons

1

discussed below, this case is dismissed for insufficient service of process, lack of personal jurisdiction, and improper venue.

I find that Plaintiff has not properly served Defendant. The original summons was neither sealed nor signed. *Gianna Enter. v. Miss World (Jersey) Ltd.*, 551 F. Supp. 1348, 1358 (S.D.N.Y. 1982) (explaining that serving an unsealed and unsigned summons "may demonstrate a flagrant disregard for the rules and fails to assure the person served that the summons was in fact issued by the clerk of a court and not by the plaintiff or his attorney."). Plaintiff attempted to correct the deficiencies of the original summons by filing a signed version on September 24, 2020; however, Plaintiff still has not served Defendant with the signed summons.

Additionally, Plaintiff has not made a prima facie showing of jurisdiction under New York CPLR 302(a)(1). *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998). Section 302(a)(1) authorizes jurisdiction over a defendant who "transacts business within the state or contracts anywhere to supply goods or services in the state." Plaintiff argues that Defendant "offers for sale and sells products that are the subject of this case in the State of New York." Compl. 3. According to Plaintiff, Defendant "highlights its services by posting prominent, enlarged images of the term "Blockchange" on its website" and "uses cookies to collect information about visitors to its website." Compl. ¶ 17. In addition, Plaintiff argues that Defendant entered into a partnership with Gemini Trust Company, LLC ("Gemini"), a New York corporation, "in connection with its provision of investment services in the field of digital assets," and that Gemini was retained as a "third-party vendor to collect and share information with Defendant about its customers." *Id.* at 4, Ex. 5. These facts, Plaintiff argues, establish jurisdiction over Defendant.

Defendant submitted sworn testimony to refute Plaintiff's claim that it maintains any partnership with Gemini, *see* Reply Mem. 2, but even if such a partnership existed, Plaintiff has not shown that its causes of action arise out of the partnership. *See Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 247 (2d Cir. 2007). Nor has Plaintiff alleged any other actions or sales by Defendant that would constitute transacting business in New York. *See Schutte Bagclosures Inc. v. Kwik Lok Corp.,* 48 F. Supp. 3d 675, 684 (S.D.N.Y.2014) (explaining that a defendant transacts business when it purposefully avails itself of the privilege of conducting activities within New York and therefore invokes the benefits and protections of its laws). Moreover, the mere accessibility of Defendant's website and its use of cookies is insufficient to constitute transacting business in New York. *Royalty Network v. Dishant.com*, 638 F. Supp. 2d 410, 418 (S.D.N.Y. 2009) ("Because websites are . . . equally accessible everywhere, the mere availability of the site to users in New York, standing alone, does not amount to transacting business in the state for purposes of section 302(a)."). I therefore lack personal jurisdiction over Defendant.

Nor has Plaintiff shown that venue is proper. The fact that the Defendant maintains a website accessible in New York which uses cookies is insufficient to establish that a "substantial proportion of the events that caused the claims in this case" occurred in this district, without any proof of other activities in this district. Compl. ¶ 4; *see, e.g., Dave Guardala Mouthpieces, Inc. v. Sugal Mouthpieces, Inc.,* 779 F. Supp. 335, 338 (S.D.N.Y. 1991) (finding that venue was proper where Plaintiff provided evidence that Defendant "targeted New York as a market and made an active effort to market its [goods in New York]"); Venue of Trademark Infringement Actions Where the Claim Arose, 32 Fed. Proc., L. Ed. § 74:486 ("the mere fact that a web site that displays an allegedly infringing mark can be accessed in the judicial district is not sufficient

for venue in the absence of actual sales or other activities aimed at the district"). Accordingly, I find that venue is improper under 28 U.S.C. § 1391.

Because this Court lacks personal jurisdiction and because this is the improper venue for this action, I cannot reach the merits of Defendant's 12(b)(6) motion. *See, e.g., In re Rationis Enters., Inc. of Panama*, 261 F.3d 264, 267–68 (2d Cir. 2001). This case is hereby dismissed without prejudice for insufficient service of process, lack of personal jurisdiction, and for improper venue. Oral argument, scheduled for February 5, 2021 is cancelled. The Clerk is directed to terminate civil case 20-cv-6866 and the open motions therein.

SO ORDERED.

Dated:     January 29, 2021             _____/s/_____
           New York, New York           ALVIN K. HELLERSTEIN
                                        United States District Judge